TRINETTE G. KENT (State Bar No. 025180)
3219 E Camelback Rd #588
Phoenix, AZ 85018
Telephone:  (480) 247-9644
Facsimile:  (480) 717-4781
E-mail: tkent@lemberglaw.com

*Of Counsel to*
Lemberg Law, LLC

43 Danbury Road
Wilton, CT 06897
Telephone:  (203) 653-2250
Facsimile:  (203) 653-3424

Attorneys for Plaintiff,
Valerie Deschamps-Goren

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Valerie Deschamps-Goren, *on behalf of herself and all others similarly situated*, | : |
| | : |
| | : Case No. |
| | : |
| Plaintiff, | : **CLASS ACTION COMPLAINT** |
| v. | : |
| | : |
| Hello Sugar LLC; Hello Sugar Franchise LLC, | : Jury Trial Demanded |
| | : |
| Defendants. | : |
| | : |
| | : |

Plaintiff Valerie Deschamps-Goren (hereinafter "Plaintiff"), on behalf of herself and all others similarly situated, brings this Class Action Complaint against Defendants Hello Sugar LLC and Hello Sugar Franchise LLC as follows:

### INTRODUCTION

1.    Plaintiff brings this class action for damages resulting from the illegal actions of Defendants Hello Sugar LLC and Hello Sugar Franchise LLC ("Defendants" or "Hello Sugar").   Defendants placed repeated telemarketing text messages to Plaintiff's telephone – over Plaintiff's requests for Defendants to stop – in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* (the "TCPA"), thereby invading Plaintiff's privacy.

2.    Defendants are an Arizona-based franchisor of "Hello Sugar" branded salons located across the country.  They advertise their products and services via an aggressive telemarketing campaign where they repeatedly send text messages to telephone numbers that have been placed on the National Do-Not-Call Registry for at least 30 days and over the messaged party's objections.

3.    Indeed, even though Plaintiff's telephone number has been registered on the National Do-Not-Call Registry since 2009 and Plaintiff repeatedly messaged Hello Sugar to stop contacting her, Hello Sugar nonetheless continued to place telemarketing text messages advertising promotions and encouraging Plaintiff to book an appointment at a Hello Sugar salon. *E.g.*:





1
2
3
4
5
6
7
8
9
10
11
12
13



14   4.    This action seeks to certify the following two classes:

15
16   **Internal Do Not Call List Class**: All persons within the United States
17   who from four years prior to the filing of this action (1) received two or
     more text messages from Defendants or anyone acting on Defendants'
18   behalf, (2) within any 12-month period, (3) for the purpose of selling
19   Defendants' products and/or services, and (4) at least one of those text
     messages was placed after such person requested that Defendants stop
20   texting.

21
22   **Do Not Call Registry Class**: All persons in the United States who from
23   four years prior to the filing of this action (1) were sent text messages by
     or on behalf of Defendants; (2) more than one time within any 12-month
24   period; (3) where the person's telephone number had been listed on the
     National Do Not Call Registry for at least thirty days; (4) for the purpose
25   of encouraging the purchase or rental of Defendants' products and/or
26   services; and (5) where either (a) Defendants did not obtain prior express
     written consent to message the person or (b) the called person previously
27   advised Defendants to "STOP" messaging him or her.

28

4

**JURISDICTION**

5.      Subject matter jurisdiction exists pursuant to 28 U.S.C. § 1331 as this action arises out of Defendants' repeated violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et. seq.* (the "TCPA") and 47 C.F.R. § 64.1200.

6.      The Court has personal jurisdiction over Defendants, and the venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because Defendants are each Arizona business entities that share a principal place of business located in this District.

**PARTIES**

7.      Plaintiff is an adult individual residing in Atlanta, Georgia, and is a "person" as defined by 47 U.S.C. § 153(39).

8.      Defendant Hello Sugar LLC is an Arizona business entity with a principal place of business at 555 N College Ave, #3059, Tempe, Arizona 85281, and is a "person" as defined by 47 U.S.C. § 153(39).

9.      Defendant Hello Sugar Franchise LLC is an Arizona business entity with a principal place of business at 555 N College Ave, #3059, Tempe, Arizona 85281, and is a "person" as defined by 47 U.S.C. § 153(39).

10.     Defendants collectively serve as the franchisor of "Hello Sugar" salons and oversee the Hello Sugar text message telemarketing program. *See, e.g.*, https://www.hellosugar.salon/terms-of-service (Hello Sugar LLC's Terms of Service

address "Hello Sugar's SMS/text messaging service") (last visited March 17, 2025); https://www.hellosugar.salon/sms-

terms#:~:text=Hello%20Sugar%20Alerts%20will%20never,to%20contact%20your%20wireless%20provider (Hello Sugar Franchise, LLC's "SMS Terms & Privacy" address Hello Sugar's "Hello Sugar Alerts" text message program).

## OVERVIEW OF THE TCPA

11.    Enacted in 1991, at 47 U.S.C. § 227, *et seq*., "Senator Ernest Hollings, the TCPA's sponsor, described these calls as 'the scourge of modern civilization. They wake us up in the morning; they interrupt our dinner at night; they force the sick and elderly out of bed; they hound us until we want to rip the telephone out of the wall.' 137 Cong. Rec. 30, 821 (1991)." *Osorio v. State Farm Bank, F.S.B.*, 746 F. 3d 1242, 1256 (11th Cir. 2014).

12.    "Unrestricted telemarketing," Congress later determined, "can be an intrusive invasion of privacy." *Mims v. Arrow Financial Services, LLC*, 132 S. Ct. 740 (2012).

13.    "Congress determined [this] federal legislation was needed because telemarketers, by operating interstate, were escaping state-law prohibitions on intrusive nuisance calls." *Id.*

14.    In part, the TCPA prohibits "initiat[ing] any call for telemarketing purposes to a residential telephone subscriber unless such person or entity has

instituted procedures for maintaining a list of persons who request not to receive telemarketing calls made by or on behalf of that person or entity[.]" 47 C.F.R. § 64.1200(d).    The procedures instituted must meet certain minimum standards, including, but not limited to: (1) having a written policy, available on demand, for maintaining a do-no-call list; (2) informing and training personnel engaged in any aspect of telemarketing on the existence and use of the do-not-call list; (3) recording and honoring do-not-call requests; (4) identifying the caller and person or entity on whose behalf the telemarketing call is being made; (5) applying the do-not-call request to the particular business entity making the call or on whose behalf the call is made; (6) maintaining a record of requests not to receive further telemarketing calls and honoring such for at least five years from the time the request is made. 47 C.F.R. § 64.1200(d).

15.    The above requirements are applicable to any person or entity making telephone solicitations or telemarketing calls or text messages to wireless telephone numbers. 47 C.F.R. § 64.1200(e); *see also In re Rules & Regs. Implementing the Tel. Consumer Prot. Act of 1991*, 18 FCC Rcd 14014, 14115 (2003) (the FCC has recognized that the TCPA and implementing regulations apply to "both voice calls and text calls to wireless numbers including, for example, short message service (SMS) calls[.]"); *Hudson v. Palm Beach Tan, Inc.,* 2024 WL 4190513, at *6 (M.D.N.C. Aug. 12, 2024), *report and recommendation adopted,* 2024 WL 4188310

(M.D.N.C. Sept. 13, 2024) ("the weight of the case law supports the conclusion that the receipt of text messages can establish an injury under § 227(c)(5).") (collecting cases).

16.    To constitute telemarketing, a text message must be "for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services." 47 C.F.R.§ 64.1200(f)(12).

17.    The term "telephone solicitation" means "the initiation of a telephone call or message for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services, which is transmitted to any person, but such term does not include a call or message (A) to any person with that person's prior express invitation or permission, (B) to any person with whom the caller has an established business relationship, or (C) by a tax exempt nonprofit organization." 47 U.S.C. § 227(a)(4).

18.    The FCC—which develops the rules and regulations implementing the TCPA—has explained that its "rules generally establish that the party on whose behalf a solicitation is made bears ultimate responsibility for any violation." *In re Rules and Regulations Implementing the TCPA*, 10 FCC Rcd. 12391, at ₧13 (1995).

19.    The FCC has "repeatedly acknowledged the existence of vicarious liability under the TCPA." *Gomez v. Campbell-Ewald Co*., 768 F.3d 871, 878 (9th Cir. 2014) (citing *In re Joint Petition Filed by DISH Network, LLC et al, for*

*Declaratory Ruling Concerning the TCPA Rules*, 28 FCC Rcd. 6574 (2013) ("FCC 2013 Ruling")). In addition to formal agency, principles of apparent authority and ratification may also provide a basis for vicarious seller liability for TCPA violations. *FCC 2013 Ruling*, 28 FCC Rcd. at 6548 ¶28.

20.    The FCC has specifically ruled that a consumer's prior express consent to receive future text messages may be revoked. *In the Matter of Rules & Reguls. Implementing the Tel. Consumer Prot. Act of 1991*, 27 F.C.C. Rcd. 15391, 15391 (2012) ("*In re SoundBite Communications, Inc*.").

## THE NATIONAL DO-NOT-CALL REGISTRY

21.    The National Do-Not-Call Registry allows consumers to register their telephone numbers and thereby indicate their desire not to receive telephone solicitations at those numbers. *See* 47 C.F.R. § 64.1200(c)(2).

22.    A listing on the Do-Not-Call Registry "must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator." *Id.*

23.    The TCPA and implementing regulations prohibit the initiation of telephone solicitations to residential telephone subscribers to the Do-Not-Call Registry and provide a private right of action against any entity that initiated more than one such telephone solicitation within any 12-month period. 47 U.S.C. § 227(c)(5); 47 C.F.R. § 64.1200(c)(2).

24.     In addition, the TCPA and implementing regulations prohibit the initiation of any call for telemarketing purposes to a residential telephone subscriber where the caller does not, *inter alia,* "honor a residential subscriber's do-not-call request within a reasonable time from the date such request is made." 47 U.S.C. § 227(c)(5); 47 C.F.R. § 64.1200(d)(3).

25.     Telephone solicitations under 47 C.F.R. § 64.1200(c)(2) include text messages and "a cell phone is presumptively residential." *Chennette v. Porch.com, Inc.*, 50 F.4th 1217, 1225 (9th Cir. 2022). *See* 47 C.F.R. § 64.1200(e) ("The rules set forth in paragraph (c) and (d) of this section are applicable to any person or entity making telephone solicitations or telemarketing calls to wireless telephone numbers"); *Hudson v. Palm Beach Tan, Inc.*, 2024 WL 4190513, at *3 (M.D.N.C. Aug. 12, 2024), *report and recommendation adopted,* 2024 WL 4188310 (M.D.N.C. Sept. 13, 2024) ( "the vast majority of recent cases that have considered this issue . . . have found that a cell phone may plausibly be alleged in a complaint to be residential, and thus covered by the TCPA").

## PLAINTIFF'S FACTUAL ALLEGATIONS

26.     Plaintiff registered her residential cellular telephone number, 404-XXX-7968 (the "7968 Number") with the National Do-Not-Call Registry on November 11, 2009.

27.     At all relevant times, Plaintiff used the 7968 Number for personal and residential purposes.

28.     Beginning in or around 2022, Defendants began sending telemarketing text messages to Plaintiff's 7968 Number.   As depicted in the below screenshots, Defendants' text messages advertise various promotions and encourage Plaintiff to purchase products and services from Hello Sugar and to visit its website. *See, e.g.*:







29.    On repeated occasions beginning on November 23, 2022, Plaintiff messaged "STOP" to Defendants. In response, Defendants messaged Plaintiff that she was "unsubscribed" from Defendants' text messaging program.

30.    However, despite Plaintiff's unequivocal instructions that Defendants stop all text messages, Defendants continued to place telemarketing text messages to the 7968 Number through January 2025.

31.    Additionally, by repeatedly messaging "STOP" to Defendants, Plaintiff terminated any established business relationship that could have existed between the Parties. Indeed, a "subscriber's seller-specific do-not-call request . . . terminates an established business relationship for purposes of telemarketing and telephone solicitation even if the subscriber continues to do business with the seller." 47 C.F.R. § 64.1200(f)(5)(i).

32.    None of Defendants' messages to Plaintiff's were for an emergency purpose.

33.    Plaintiff was damaged by Defendants' unconsented text messages.  In addition to using Plaintiff's telephone data, phone storage, and battery life, Plaintiff's privacy was wrongfully invaded, and Plaintiff has become understandably aggravated with having to deal with the frustration of repeated, unwanted text messages, forcing Plaintiff to divert attention away from other activities.

13

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# CLASS ACTION ALLEGATIONS

## A. The Class

34.    Plaintiff brings this case as a class action on behalf of herself and all others similarly situated.

35.    Plaintiff represents, and is a member of the following classes (the "Internal Do Not Call List Class" and the "Do Not Call Registry Class" (collectively the "Classes")):

> **Internal Do Not Call List Class**: All persons within the United States who from four years prior to the filing of this action (1) received two or more text messages from Defendants or anyone acting on Defendants' behalf, (2) within any 12-month period, (3) for the purpose of selling Defendants' products and/or services, and (4) at least one of those text messages was placed after such person requested that Defendants stop texting.

> **Do Not Call Registry Class**: All persons in the United States who from four years prior to the filing of this action (1) were sent text messages by or on behalf of Defendants; (2) more than one time within any 12-month period; (3) where the person's telephone number had been listed on the National Do Not Call Registry for at least thirty days; (4) for the purpose of encouraging the purchase or rental of Defendants' products and/or services; and (5) where either (a) Defendants did not obtain prior express written consent to message the person or (b) the called person previously advised Defendants to "STOP" messaging him or her.

36.    Defendants and their employees or agents are excluded from the Classes. Plaintiff does not know the number of members in the classes but believes the class members number in the thousands, if not more.  Thus, this matter should be certified as a class action to assist in the expeditious litigation of this matter.

B. <u>**Numerosity**</u>

37.    Upon information and belief, Defendants placed telemarketing and solicitation messages to telephone numbers belonging to thousands of persons throughout the United States where they lacked prior express written consent to place such messages and/or such persons had previously asked Defendants to cease messaging them.   The members of the Classes, therefore, are believed to be so numerous that joinder of all members is impracticable.

38.    The exact number and identities of the Class members are unknown at this time and can only be ascertained through discovery.   Identification of the Class members is a matter capable of ministerial determination from Defendants' records.

C. <u>**Common Questions of Law and Fact**</u>

There are questions of law and fact common to the Classes that predominate over any questions affecting only individual Class members.   These questions include:

    a. Whether Hello Sugar's messages constitute "telephone solicitations" or "telemarketing" under the TCPA;

    b. Whether Defendants can meet their burden of showing they obtained prior written consent to place each telemarketing message;

    c. Whether the messages made to Plaintiff and Class Members violate the Do-Not-Call Registry rules and regulations;

    d. Whether Hello Sugar continued to send telemarketing text messages after

being asked to stop;

e.  Whether Hello Sugar maintains an internal do-not-call list and instructs its employees on how to use the list;

f.  Whether Hello Sugar had any processes or protocols in place to stop texts to persons who asked that the messages stop;

g.  Whether Hello Sugar had the required policies and procedures in place to honor do-not-call requests;

h.  Whether Hello Sugar routinely honors such requests;

i.  Whether Hello Sugar engaged in abusive telemarketing practices;

j.  Whether Defendants' conduct was knowing and/or willful;

k.  Whether Defendants are liable for damages, and the amount of such damages; and

l.  Whether Defendants should be enjoined from such conduct in the future.

39.    The common questions in this case are capable of having common answers.  If Plaintiff's claims that Defendants routinely placed telemarketing text messages telephone numbers registered on the National Do-Not-Call Registry, and/or over requests to stop the messages, is accurate, then Plaintiff and the Class members will have identical claims capable of being efficiently adjudicated and administered in this case.

**D. Typicality**

40.     Plaintiff's claims are typical of the claims of the Class members, as they are all based on the same factual and legal theories.

**E. Protecting the Interests of the Class Members**

41.     Plaintiff will fairly and adequately protect the interests of the Classes and has retained counsel experienced in handling class actions and claims involving unlawful business practices, and specifically claims under the TCPA.    Neither Plaintiff nor her counsel has any interests which might cause them not to vigorously pursue this action.

**F. Proceeding Via Class Action is Superior and Advisable**

42.     A class action is the superior method for the fair and efficient adjudication of this controversy.    The interest of Class members in individually controlling the prosecutions of separate claims against Defendants is small because it is not economically feasible for Class members to bring individual actions.

**COUNT I**
**VIOLATIONS OF THE TCPA**
**(47 U.S.C. § 227, _et seq_. and 47 C.F.R. § 64.1200(c)(2))**
**On Behalf of the Do Not Call Registry Class**

43.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

44.     Plaintiff brings this claim on behalf of herself and the Do Not Call Registry Class.

45.     47 C.F.R. § 64.1200(c)(2) provides that "No person or entity shall initiate any telephone solicitation to . . . (2) A residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the Federal Government. Such do-not-call registrations must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator."

46.     The TCPA provides a private right of action to "A person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations . . . ." 47 U.S.C. § 227(c)(5).

47.     Defendants initiated more than one telephone solicitation text message to telephone numbers belonging to Plaintiff and members of the Class within a 12-month period despite the fact that Plaintiff and other class members' telephone numbers were registered on the National Do-Not-Call Registry at all relevant times.

48.     Each of the aforementioned messages by Defendants constitutes a violation of the TCPA and 47 C.F.R. § 64.1200(c)(2) by Defendants.

49.     Plaintiff and the Class are entitled to an award of $500.00 in statutory damages for each text message sent in violation of the TCPA pursuant to 47 U.S.C. § 227(c)(5)(B).

50.    Additionally, Plaintiff and the Class are entitled to and seek injunctive relief prohibiting such conduct by Defendants in the future pursuant to 47 U.S.C. § 227(c)(5)(A).

51.    Further, Plaintiff and the Class are also entitled to and do seek a declaration that:

- Defendants violated the TCPA;

- Defendants initiated more than one telephone solicitation text to telephone numbers belonging to Plaintiff and members of the Class within a 12-month period despite the fact that Plaintiff and other class members' telephone numbers were registered on the National Do-Not-Call Registry at all relevant times.

### COUNT II
### WILLFUL VIOLATIONS OF THE TCPA
### (47 U.S.C. § 227, *et seq*. and 47 C.F.R. § 64.1200(c)(2))
### On Behalf of the Do Not Call Registry Class

52.    Plaintiff repeats and realleges the above paragraphs of this Complaint and incorporates them herein by reference.

53.    Plaintiff brings this claim on behalf of herself and the Do Not Call Registry Class.

54.    Defendants are fully aware at all relevant times that the telephone numbers they send telephone solicitations to are registered on the National Do-Not-Call Registry. Nonetheless, Defendants knowingly and/or willfully initiated more than

19

one telephone solicitation text message to telephone numbers belonging to Plaintiff and members of the Class within a 12-month period even though Plaintiff and other class members' telephone numbers were registered on the National Do-Not-Call Registry at all relevant times.

55.    Each of the aforementioned messages by Defendants constitutes a knowing and willful violation of the TCPA.

56.    Plaintiff and the Class are entitled to an award of up to $1,500.00 in statutory damages for each message sent in knowing and willful violation of the TCPA pursuant to 47 U.S.C. § 227(c)(5)(C).

57.    Additionally, Plaintiff and the Class are entitled to and seek injunctive relief prohibiting such conduct by Defendants in the future.

58.    Further, Plaintiff and the Class are also entitled to and do seek a declaration that:

- Defendants knowingly and/or willfully violated the TCPA;

- Defendants knowingly and/or willfully initiated more than one telephone solicitation text message to telephone numbers belonging to Plaintiff and members of the Class within a 12-month period despite the fact that Plaintiff and other class members' telephone numbers were registered on the National Do-Not-Call Registry at all relevant times; and

- It is Defendants' practice and history to place telephone solicitations and

telemarketing messages to persons whose telephone numbers are registered on the National Do-Not-Call Registry and to persons who had previously made a do-not-call request to Defendants.

## COUNT III
## VIOLATIONS OF THE TCPA
### (47 U.S.C. § 227, *et seq*. and 47 C.F.R. § 64.1200(d)(3))
### On Behalf of the Internal Do Not Call List Class

59.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

60.     Plaintiff brings this claim on behalf of herself and the Internal Do Not Call List Class.

61.     47 C.F.R. § 64.1200(d)(3) provides that "No person or entity shall initiate any call for telemarketing purposes to a residential telephone subscriber unless such person or entity has instituted procedures for maintaining a list of persons who request not to receive telemarketing calls made by or on behalf of that person or entity. The procedures instituted must meet the following minimum standards: . . . Persons or entities making calls for telemarketing purposes (or on whose behalf such calls are made) must honor a residential subscriber's do-not-call request within a reasonable time from the date such request is made."

62.     The TCPA provides a private right of action to "A person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations . . . ." 47 U.S.C. § 227(c)(5).

63.    Defendants initiated more than one telephone telemarketing text message to telephone numbers belonging to Plaintiff and members of the Class within a 12-month period where the telephone subscriber had previously made a do-not-call request to Defendants, and Defendants failed to honor the do-not-call request within a reasonable period of time from the date the request was made.

64.    Each of the aforementioned messages by Defendants constitutes a violation of the TCPA and 47 C.F.R. § 64.1200(d)(3) by Defendants.

65.    Plaintiff and the Class are entitled to an award of $500.00 in statutory damages for each text message sent in violation of the TCPA pursuant to 47 U.S.C. § 227(c)(5)(B).

66.    Additionally, Plaintiff and the Class are entitled to and seek injunctive relief prohibiting such conduct by Defendants in the future pursuant to 47 U.S.C. § 227(c)(5)(A).

67.    Further, Plaintiff and the Class are also entitled to and do seek a declaration that:

- Defendants violated the TCPA; and

- Defendants initiated more than one telephone telemarketing text message to telephone numbers belonging to Plaintiff and members of the Class within a 12-month period where the telephone subscriber had previously made a do-not-call request to Defendants, and Defendants failed to honor

the do-not-call request within a reasonable period of time from the date the request was made.

### COUNT IV
### Willful Violations of the Telephone Consumer Protection Act,
### (47 U.S.C. § 227, *et seq.* and 47 C.F.R. § 64.1200(d)(3))
### On Behalf of the Internal Do Not Call List Class

68.    Plaintiff repeats and realleges the above paragraphs of this Complaint and incorporates them herein by reference.

69.    Plaintiff bring this claim on behalf of herself and the Internal Do Not Call List Class.

70.    Defendants deliberately failed to honor "Stop" requests.  Accordingly, Defendants knowingly and/or willfully initiated more than one telephone telemarketing text message to telephone numbers belonging to Plaintiff and members of the Class within a 12-month period where the telephone subscriber had previously made a do-not-call request to Defendants, and Defendants failed to honor the do-not-call request within a reasonable period of time from the date the request was made.

71.    Each of the aforementioned messages by Defendants constitutes a knowing and willful violation of the TCPA.

72.    Plaintiff and the members of the Internal Do Not Call List Class are entitled to an award of up to $1,500.00 in statutory damages for each message sent in knowing and willful violation of the TCPA pursuant to 47 U.S.C. § 227(c)(5)(C).

73.    Plaintiff and the Class are also entitled to and do seek a declaration that:

- Defendants knowingly and/or willfully violated the TCPA;

- Defendants knowingly and/or willfully initiated more than one telephone telemarketing text message to telephone numbers belonging to Plaintiff and members of the Class within a 12-month period where the telephone subscriber had previously made a do-not-call request to Defendants, and Defendants failed to honor the do-not-call request within a reasonable period of time from the date the request was made; and

- It is Defendants' practice and history to place telephone solicitations and telemarketing messages to persons who had previously made a do-not-call request to Defendants.

## **PRAYER FOR RELIEF**

WHEREFORE, the Plaintiff prays that judgment be entered against the Defendants as follows:

A. An order certifying this case as a class action on behalf of the Classes as defined above, and appointing Plaintiff as the representative of the Classes and Plaintiff's counsel as Class Counsel;

B. Injunctive relief prohibiting such violation of the TCPA by Defendants in the future;

C. Statutory damages of $500.00 for each and every text message in violation of the TCPA;

24

D. Treble damages of up to $1,5000.00 for each and every text message in willful and/or knowing violation of the TCPA;

E. An injunction requiring Hello Sugar to comply with 47 C.F.R. § 64.1200(d) by

    1) maintaining the required written policies;

    2) providing training to their personnel engaged in telemarketing;

    3) maintaining a do-not-call list;

    4) and such further and other relief as the Court deems necessary.

F. An award of attorneys' fees and costs to counsel for Plaintiff.

## DEMAND FOR TRIAL BY JURY

Plaintiff demands a trial by jury on all questions of fact raised by the Complaint.

DATED:  March 27, 2025        LEMBERG LAW, LLC

By:   _/s/ Trinette G. Kent_____
Trinette G. Kent

Attorney for Plaintiff